### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| RanaVerde Tech Initiative, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>City of Seattle,<br><br>        Defendant. | C.A. No:  2:22-cv-1064<br><br>JURY TRIAL DEMANDED |

### **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff RanaVerde Tech Initiative, LLC ("RanaVerde"), by and through its undersigned counsel, for its Complaint for patent infringement against defendant City of Seattle ("Seattle"), hereby states:

## THE PARTIES

1. Plaintiff RanaVerde Tech Initiative, LLC is a Washington company with its principal place of business 4730 University Way NE, Suite 104-323, Seattle, Washington, 98105.

2. Defendant City of Seattle is a municipal corporation of the State of Washington duly organized and existing under the laws of the State of Washington.

## NATURE OF THE ACTION

3. This is a civil action for the infringement of United States Patent Number 7,839,302 ("the '302 Patent," or "the Patent-in-Suit"), under the Patent Laws of the United States 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

5. This Court has specific and general personal jurisdiction over Defendant, which has conducted and continues to conduct business in the State of Washington and in this Judicial District.  Seattle sells, offers for sale, and/or advertises products and services in the State of Washington and in this Judicial District.  Seattle has committed acts of infringement in the State of Washington and in this Judicial District.  Seattle also derives revenue from goods and services provided to individuals in Washington and in this Judicial District.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b), because Defendant is located in this district.

## THE PATENT-IN-SUIT

7.      On November 23, 2010, the '302 Patent entitled "Vehicle Parking Assistance Electronic Timer System and Method," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO").

8.      RanaVerde owns the '302 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

9.      The '302 Patent is attached as Exhibit A to this Complaint.

## BACKGROUND

10.     John T. Staniszewski was the inventor of the '302 Patent, as well as two other patents. These three patents are foundational patents in the electronic parking assistance space.

11.     The Defendant has used, and continues to use, the technology claimed in the '302 Patent, without license and without permission.

12.     RanaVerde Technologies is the assignee and owner of the Patent-in-Suit.  RanaVerde relies on patent protection to license its technology.

13.     RanaVerde has a right to license its technology.

## COUNT ONE

14.     RanaVerde incorporates by references each of the foregoing paragraphs of this Complaint as though fully set forth herein.

15.     The '302 Patent is valid and enforceable under the United State Patent Laws.

16.     Defendants has directly infringed, and continues to directly infringe, at least one claim of the '302 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents. Discovery is ongoing, and the claims have not yet been construed, but at this preliminary stage, Defendant infringes, and continues to infringe, at least Claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, and 12

of the '302 Patent, literally and/or under the doctrine of equivalents. Defendant's infringing acts include, but are not limited to: making, using, selling, and offering to sell its electronic parking application.

17. The Seattle PayByPhone app, among other infringing features, provides the capability to allow a user to determine the parking regulations associated with a Seattle parking space, selecting a parking space to park in, then notifying the user when the selected parking will expire. Upon information and belief, Defendant has further directly infringed the patent during the development of accused product.

18. The Seattle PayByPhone application operates wirelessly, and further integrates with GPS functionality.

19. Defendant has indirectly infringed at least one claim of the '302 Patent, through induced infringement under 35 U.S.C. § 271(b). Defendant is notified of its infringement of the '302 Patent as of the filing of this Complaint. Nevertheless, Defendant continues its acts of indirect infringement by continuing to actively, knowingly, and intentionally induce consumers to practice the invention claimed in the '302 Patent. Defendant instructs consumers to use its Seattle PayByPhone application when using its parking spaces. For example, when visiting the Defendant's website, or viewing a parking meter, Defendant instructs users to use the Seattle PayByPhone application to park, which uses the claims of the '302 Patent.

20. With knowledge of the '302 Patent, Defendant has indirectly infringed the '302 Patent by inducing the direct infringement by consumers, by enabling, instructing, and encouraging consumers to make and use the infringing apparatus described in at least one claim of the '302 Patent, while aware that their use is infringing as of the filing of this Complaint.

-5-

21. Defendant's use of the technology claimed in the '302 Patent is without license or authorization from RanaVerde.

22. RanaVerde has been damaged by Defendant's infringement of the '302 Patent.

## **PRAYER FOR RELIEF**

Wherefore, RanaVerde requests that this Court enter judgment against Defendant as follows:

a) Enter judgment for RanaVerde on this complaint and adjudging that Defendant has infringed one or more of the claims of the Patent-in-Suit, either literally or under the doctrine of equivalents;

b) Award RanaVerde all damages to which it is entitled under 35 U.S.C. § 284 resulting from Defendant's infringement, and ordering a full accounting of all damages adequate to compensate RanaVerde for the infringement of its patent rights;

c) Award RanaVerde pre-judgment and post-judgment interest on its damages at the maximum rate permitted by law;

d) Award costs and attorney's fees to RanaVerde, and finding that this case is exceptional, pursuant to 35 U.S.C. § 285; and

e) Grant RanaVerde such further and additional relief as the Court deem as just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

RanaVerde hereby demands a trial by jury on all claims and issues so triable.

Dated: July 30, 2022                    Respectfully submitted,

/s/ Frank M. Washko

Frank M. Washko, Ph.D. (44433)
TIBURON INTELLECTUAL PROPERTY PLLC
350 Townsend St., Suite 680
San Francisco, CA 94107
washko@tiburonip.com
(415) 545-8040

*Counsel for Plaintiff RanaVerde Tech Initiative, LLC*